## CASE NO. 22-1478(L), XAP 22-1532

# IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

---

CHARLOTTE-MECKLENBURG
COUNTY BOARD OF EDUCATION,

*Plaintiff - Appellant,*

v.

ALEAH BRADY, Individually, and by and through parent or guardian,
Jason Brady; JASON BRADY, Individually,

*Defendants - Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

---

### JOINT APPENDIX - VOLUME ONE
### (Pages 1 - 69)

---

Christopher Z. Campbell
Kristopher L. Caudle
CAMPBELL SHATLEY, PLLC
674 Merrimon Avenue
Suite 210
Asheville, NC 28804
828-398-2775
chris@csedlaw.com
kris@csedlaw.com

*Counsel for Appellant*

Stacey M. Gahagan
GAHAGAN PARADIS, PLLC
3326 Durham Chapel Hill Boulevard
Suite 210-C
Durham, NC 27707
919-942-1430
sgahagan@ncgplaw.com

*Counsel for Appellees*

# TABLE OF CONTENTS

**VOLUME ONE**

District Court Docket Sheet [3:18-cv-00463-RJC-DCK].............................. 1

Complaint
     Filed August 22, 2018.......................................................... 7

Answer
     Filed October 18, 2018 ....................................................... 15

Motion for Leave to File Amended Complaint
     Filed January 25, 2022........................................................ 22

Order Granting Motion for Leave to Amend Complaint
     Filed January 27, 2022........................................................ 28

Amended Complaint
     Filed January 27, 2022........................................................ 30

Motion to Dismiss - Rule 12(b)(1)
     Filed March 2, 2022........................................................... 40

Order
     Filed March 31, 2022......................................................... 43

Judgment
     Filed March 31, 2022......................................................... 64

Notice of Appeal
     Filed April 28, 2022.......................................................... 65

Notice of Cross-Appeal
     Filed May 9, 2022............................................................. 67

**VOLUME TWO (SEALED)**

Relevant Portions of Sealed Administrative Record:

Petition for a Contested Case Hearing.................................................. 70

Response to Petition for Contested Case Hearing............................. 86

Respondent's Motion to Dismiss ......................................................... 92

Petitioners' Response in Opposition to Respondent's Motion
for Dismiss ................................................................................................ 96

Order Denying Respondent's Motion to Dismiss and
Request for Attorney's Fees.................................................................. 113

Order Denying Respondent's Motion for Reconsideration ............. 120

Petitioner's Motion for Partial Summary Judgment........................ 122

Respondent's Revised Motion for Summary Judgment and
Memorandum of Law in Support ....................................................... 340

## VOLUME THREE (SEALED)

Relevant Portions of Sealed Administrative Record, *Continued*:

Petitioner's Response in Opposition to Respondent's Motion
for Summary Judgment ..................................................... 450

Respondent's Memorandum in Opposition to Petitioner's
Motion for Partial Summary Judgment ............................ 463

Transcript ........................................................................ 550

OAH Final Decision — Order of Dismissal.................................... 622

Order Amending Final Decision....................................... 626

Petitioners' Notice of Appeal of OAH Final Decision.................... 628

Request for Written Arguments......................................... 630

Petitioners' Written Arguments on Appeal of the
Final Decision in 18-EDC-00359 ..................................... 633

Respondent's Written Argument in Opposition to
Petitioner's Notice of Appeal........................................... 655

State Review Hearing Officer's Final Decision ............................... 661

Sealed Answer to Amended Complaint & Counterclaim
Filed February 27, 2022.................................................... 701

6/30/22, 3:00 PM                          CM/ECF - LIVE DATABASE - NCWD

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

APPEAL,CLOSED,IAC

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CIVIL DOCKET FOR CASE #: 3:18-cv-00463-RJC-DCK

Charlotte-Mecklenburg County Board of Education v. Brady et al      Date Filed: 08/22/2018

Assigned to: District Judge Robert J. Conrad, Jr      Date Terminated: 03/31/2022

Referred to: Magistrate Judge David Keesler      Jury Demand: None

Case in other court: 4th Circuit, 22-01478      Nature of Suit: 448 Civil Rights: Education

                4th Circuit, 22-01532      Jurisdiction: Federal Question

Cause: 20:1401 Education: Handicapped Child Act

**Plaintiff**

**Charlotte-Mecklenburg County Board of**      represented by   **Christopher Zemp Campbell**
**Education**                                                   Campbell Shatley, P.L.L.C.
                                                               674 Merrimon Ave.
                                                               Suite 210
                                                               Asheville, NC 28804
                                                               828-378-0064
                                                               Fax: 8283780064
                                                               Email: chris@csedlaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kristopher Lee Caudle**
                                                               Campbell Shatley PLLC
                                                               674 Merrimon Avenue
                                                               Asheville, NC 28804
                                                               919-946-5205
                                                               Email: kris@csedlaw.com
                                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Aleah Brady**      represented by   **Stacey Marlise Gahagan**
*Individually, and by and through parent or*                  Gahagan Paradis, PLLC
*guardian, Jason Brady*                                       3326 Durham Chapel Hill Blvd.
                                                               Suite 210-C
                                                               Durham, NC 27707
                                                               919-942-1430
                                                               Email: sgahagan@ncgplaw.com

**1**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Brady**                          represented by **Stacey Marlise Gahagan**
*Individually*                                             (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Aleah Brady**                          represented by **Stacey Marlise Gahagan**
*Individually, and by and through parent or*               (See above for address)
*guardian, Jason Brady*                                     *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Jason Brady**                          represented by **Stacey Marlise Gahagan**
*Individually*                                             (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Charlotte-Mecklenburg County Board of**   represented by **Christopher Zemp Campbell**
**Education**                                              (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kristopher Lee Caudle**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**North Carolina Department of Public**      represented by **Tiffany Y. Lucas**
**Instruction**                                            NC Department of Justice
                                                           PO Box 629
                                                           Raleigh, NC 27602
                                                           919-716-6920
                                                           Email: tlucas@ncdoj.gov
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2018 | 1 | COMPLAINT against Aleah Brady, Jason Brady ( Filing fee $ 400 receipt number 0419- |

**2**

| | | |
|---|---|---|
| | | 3785541), filed by Charlotte-Mecklenburg County Board of Education.(Campbell, Christopher) (Entered: 08/22/2018) |
| 08/22/2018 | | Case assigned to District Judge Robert J. Conrad, Jr and Magistrate Judge David Keesler. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice - you will not receive a separate document*.(ams) (Entered: 08/22/2018) |
| 08/23/2018 | 2 | REQUEST FOR WAIVER of Service sent to Aleah Brady on 8/22/18 by Charlotte-Mecklenburg County Board of Education. (Campbell, Christopher) Modified name of Defendant on 8/30/2018 (ams). (Entered: 08/23/2018) |
| 08/23/2018 | 3 | REQUEST FOR WAIVER of Service sent to Jason Brady on 8/22/18 by Charlotte-Mecklenburg County Board of Education. (Campbell, Christopher) Modified name of party on 8/30/2018 (ams). (Entered: 08/23/2018) |
| 09/04/2018 | 4 | WAIVER OF SERVICE Returned Executed by Charlotte-Mecklenburg County Board of Education. Aleah Brady waiver sent on 8/22/2018, answer due 10/22/2018. (Campbell, Christopher) (Entered: 09/04/2018) |
| 09/04/2018 | 5 | WAIVER OF SERVICE Returned Executed by Charlotte-Mecklenburg County Board of Education. Jason Brady waiver sent on 8/22/2018, answer due 10/22/2018. (Campbell, Christopher) (Entered: 09/04/2018) |
| 10/18/2018 | 6 | ANSWER to 1 Complaint by Aleah Brady, Jason Brady.(Gahagan, Stacey) (Entered: 10/18/2018) |
| 10/18/2018 | | NOTICE pursuant to Local Rule 16.1 you are **required** to conduct an Initial Attorney's Conference within 14 days. At the conference, the parties are **required** to discuss the issue of consent to jurisdiction of a magistrate judge in accordance with Local Rules 16.1(A) and 73.1(C). The **Certificate of Initial Attorneys Conference**, and if applicable, the **Joint Stipulation of Consent to Exercise jurisdiction by a US Magistrate Judge**, should be filed within 7 days of the conference. If appropriate, a party may file a Motion to Stay the Initial Attorney's Conference. CIAC Report due by 11/8/2018. (ams) (Entered: 10/24/2018) |
| 11/06/2018 | 7 | CERTIFICATION of initial attorney conference and discovery plan (Attachments: # 1 Exhibit A) (Campbell, Christopher) (Entered: 11/06/2018) |
| 01/29/2019 | 8 | **Pretrial Order and Case Management Plan : The Administrative Record maintained by the North Carolina Department of Public Instruction, Exceptional Children Division shall be filed within thirty (30) days of this Order. Signed by District Judge Robert J. Conrad, Jr on 01/28/2019. (brl)** (Entered: 01/29/2019) |
| 01/29/2019 | | Set/Reset Deadlines: Administrative Record due by 2/28/2019. (brl) (Entered: 01/29/2019) |
| 02/26/2019 | 9 | NOTICE of Appearance by Tiffany Y. Lucas on behalf of North Carolina Department of Public Instruction (Lucas, Tiffany) (Entered: 02/26/2019) |
| 02/26/2019 | 10 | *Department of Public Instruction's Motion to File Under Seal* by North Carolina Department of Public Instruction. Responses due by 3/12/2019 plus an additional 3 days if served by mail (Lucas, Tiffany). Motions referred to David Keesler. Modified text on 2/27/2019 (ams). (Entered: 02/26/2019) |
| 02/26/2019 | 11 | MEMORANDUM in Support re 10 *Department of Public Instruction's Motion to File Under Seal* by North Carolina Department of Public Instruction. (Lucas, Tiffany) Modified text |

**3**

| | | on 2/27/2019 (ams). (Entered: 02/26/2019) |
|---|---|---|
| 02/26/2019 | 12 | Sealed Document (*Sealed - Attorney*): Educational Record re: 10 *Department of Public Instruction's Motion to File Under Seal*, 11 Memorandum in Support of Motion, (available to Aleah Brady, Jason Brady, Charlotte-Mecklenburg County Board of Education) (Lucas, Tiffany) Modified text on 2/27/2019 (ams). (Entered: 02/26/2019) |
| 03/06/2019 | 13 | RESPONSE to Motion re 10 MOTION to Seal *Department of Public Instruction's Motion to File Under Seal* by Aleah Brady, Jason Brady. Replies due by 3/13/2019 plus an additional 3 days if served by mail (Gahagan, Stacey) (Entered: 03/06/2019) |
| 03/06/2019 | 14 | MEMORANDUM in Support re 10 MOTION to Seal *Department of Public Instruction's Motion to File Under Seal* by Aleah Brady, Jason Brady. (Gahagan, Stacey) (Entered: 03/06/2019) |
| 03/25/2019 | 15 | **ORDER granting 10 Motion to Seal the Department of Public Instruction's. Signed by Magistrate Judge David Keesler on 3/25/19. (tob)** (Entered: 03/25/2019) |
| 03/28/2019 | 16 | Joint MOTION to Amend/Correct 12 Sealed Document, by Aleah Brady, Jason Brady. Responses due by 4/11/2019 (Attachments: # 1 Exhibit)(Gahagan, Stacey). Motions referred to David Keesler. (Entered: 03/28/2019) |
| 03/29/2019 | 17 | **ORDER granting 16 Joint Submission Of Corrections To The Administrative Record.The parties may file their proposed additions/corrections (Document No. 16-1) to the Administrative Record (Document No. 12) as a sealed Supplement to the Administrative Record. Signed by Magistrate Judge David Keesler on 3/29/19. (mga)** (Entered: 03/29/2019) |
| 05/28/2019 | 18 | MEMORANDUM/BRIEF *in Support of Relief* by Charlotte-Mecklenburg County Board of Education re: 1 Complaint (Campbell, Christopher) (Entered: 05/28/2019) |
| 06/26/2019 | 19 | MEMORANDUM/BRIEF *in Opposition* by Aleah Brady, Jason Brady re: 18 Memorandum (Gahagan, Stacey) (Entered: 06/26/2019) |
| 07/11/2019 | 20 | REPLY to Response re 19 Memorandum *in Support of Relief* by Charlotte-Mecklenburg County Board of Education. (Campbell, Christopher) (Entered: 07/11/2019) |
| 12/15/2021 | | NOTICE of Hearing: Hearing set for on Plaintiff's cause of action seeking reversal of decision of the State Hearing Review Officer set for 3/3/2022 11:00 AM in Courtroom #4A, 401 W Trade St, Charlotte, NC 28202 before District Judge Robert J. Conrad Jr. *This is your only notice - you will not receive a separate document.*(brl) (Entered: 12/15/2021) |
| 12/21/2021 | 21 | NOTICE of Appearance by Kristopher Lee Caudle on behalf of Charlotte-Mecklenburg County Board of Education (Caudle, Kristopher) (Entered: 12/21/2021) |
| 01/25/2022 | 22 | Unopposed MOTION to Amend/Correct 1 Complaint by Charlotte-Mecklenburg County Board of Education. Responses due by 2/8/2022 (Attachments: # 1 Exhibit, # 2 Exhibit) (Campbell, Christopher). Motions referred to David Keesler. (Entered: 01/25/2022) |
| 01/27/2022 | 23 | **ORDER granting 22 Plaintiff's Motion For Leave To File Amended Complaint. Plaintiff shall file an Amended Complaint on or before January 28, 2022. Signed by Magistrate Judge David Keesler on 1/27/2022. (mek)** (Entered: 01/27/2022) |
| 01/27/2022 | | Set Deadlines: Amended Complaint due by 1/28/2022. (mek) (Entered: 01/27/2022) |

**4**

| 01/27/2022 | 24 | AMENDED COMPLAINT against All Defendants, filed by Charlotte-Mecklenburg County Board of Education.(Caudle, Kristopher) (Entered: 01/27/2022) |
|---|---|---|
| 02/09/2022 | | NOTICE of Hearing: Hearing set for on Plaintiff's cause of action seeking reversal of decision of the State Hearing Review Officer **RESET** for 3/4/2022 11:00 AM in Courtroom #4A, 401 W Trade St, Charlotte, NC 28202 before District Judge Robert J. Conrad Jr. *This is your only notice - you will not receive a separate document.*(brl) (Entered: 02/09/2022) |
| 02/10/2022 | 25 | MOTION to Seal Document by Aleah Brady, Jason Brady. Responses due by 2/24/2022 (Gahagan, Stacey). Motions referred to David Keesler. (Entered: 02/10/2022) |
| 02/10/2022 | 26 | MEMORANDUM in Support re 25 MOTION to Seal Document by Aleah Brady, Jason Brady. (Gahagan, Stacey) (Entered: 02/10/2022) |
| 02/10/2022 | 27 | Sealed Document (*Sealed - Attorney*): Answer and Counterclaim re: 24 Amended Complaint (available to Aleah Brady, Jason Brady, Charlotte-Mecklenburg County Board of Education) (Gahagan, Stacey) (Entered: 02/10/2022) |
| 02/11/2022 | 28 | **ORDER granting 25 Defendant's Motion to File Under Seal Document. Document No. 27 shall remain under SEAL until otherwise ordered by this Court. Signed by Magistrate Judge David Keesler on 2/11/22. (mga) (Entered: 02/11/2022)** |
| 02/14/2022 | 29 | *Redacted* ANSWER to 24 Amended Complaint , COUNTERCLAIM against Charlotte-Mecklenburg County Board of Education by Aleah Brady, Jason Brady.(Gahagan, Stacey) (Entered: 02/14/2022) |
| 02/16/2022 | 30 | MOTION to Continue Hearing by Aleah Brady, Jason Brady. Responses due by 3/2/2022 (Gahagan, Stacey) (Entered: 02/16/2022) |
| 02/22/2022 | | **TEXT-ONLY ORDER granting 30 Motion to Continue Hearing scheduled for 3/4/2022 to a date to be determined. Entered by District Judge Robert J. Conrad, Jr on 2/22/2022. (brl) (Entered: 02/22/2022)** |
| 03/02/2022 | 31 | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss by Charlotte-Mecklenburg County Board of Education. Responses due by 3/16/2022 (Caudle, Kristopher). Modified to remove referral on 3/30/2022 (brl). (Entered: 03/02/2022) |
| 03/02/2022 | 32 | MEMORANDUM in Support re 31 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss by Charlotte-Mecklenburg County Board of Education. (Caudle, Kristopher) (Entered: 03/02/2022) |
| 03/16/2022 | 33 | RESPONSE in Opposition re 31 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss by Aleah Brady, Jason Brady. Replies due by 3/23/2022 (Gahagan, Stacey) (Entered: 03/16/2022) |
| 03/23/2022 | 34 | REPLY to Response to Motion re 31 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss by Charlotte-Mecklenburg County Board of Education. (Caudle, Kristopher) (Entered: 03/23/2022) |
| 03/31/2022 | 35 | **ORDER that The withholding exception to the statute of limitations applies and Defendants underlying IDEA claims are not time barred. Such claims are now before the ALJ and await his decision on the merits. Plaintiff's 31 Motion to Dismiss Defendants' Counterclaim is GRANTED without prejudice for Defendants to pursue their underlying IDEA claims pending before the ALJ. The Clerk is directed to close** |

**5**

6/30/22, 3:00 PM                          CM/ECF - LIVE DATABASE - NCWD

| | | |
|---|---|---|
| | | this case. Signed by District Judge Robert J. Conrad, Jr on 3/31/2022. (brl) (Entered: 03/31/2022) |
| 03/31/2022 | 36 | **CLERK'S JUDGMENT is hereby entered in accordance with the Court's Order dated 3/31/2022. Signed by Clerk, Frank G. Johns. (brl) (Entered: 03/31/2022)** |
| 04/28/2022 | 37 | NOTICE OF APPEAL as to 35 Order on Motion to Dismiss/Lack of Jurisdiction,,,,, by Charlotte-Mecklenburg County Board of Education. Filing fee $ 505, receipt number ANCWDC-5549948. *Use this link www.ca4.uscourts.gov to retrieve 4th Circuit case opening documents, i.e. Appearance of Counsel, Docketing Statement, Disclosure Statement, and Transcript Order Form.* Note: Your Transcript Order Form must be served on the District Court as well as the Circuit Court. (Caudle, Kristopher) (Entered: 04/28/2022) |
| 04/29/2022 | 38 | Transmission of Notice of Appeal to US Court of Appeals re 37 Notice of Appeal (brl) (Entered: 04/29/2022) |
| 05/02/2022 | 39 | USCA Case Number [22-1478] for 37 Notice of Appeal, USCA Case Manager: Richard H. Sewell. (ejb) (Entered: 05/03/2022) |
| 05/09/2022 | 40 | NOTICE OF CROSS APPEAL as to 35 Order on Motion to Dismiss/Lack of Jurisdiction,,,,, by Aleah Brady, Jason Brady. Filing fee $ 505, receipt number ANCWDC-5562038. *Use this link www.ca4.uscourts.gov to retrieve 4th Circuit case opening documents, i.e. Appearance of Counsel, Docketing Statement, Disclosure Statement, and Transcript Order Form.* Note: Your Transcript Order Form must be served on the District Court as well as the Circuit Court. (Gahagan, Stacey) (Entered: 05/09/2022) |
| 05/09/2022 | 41 | Transmission of Notice of Appeal to US Court of Appeals re 40 Notice of Cross Appeal (brl) (Entered: 05/09/2022) |
| 05/11/2022 | 42 | USCA Case Number 22-1532 for 40 Notice of Cross Appeal, USCA Case Manager: Richard H. Sewell. (rhf) (Entered: 05/11/2022) |
| 05/11/2022 | 43 | ORDER of USCA consolidating Case No. 22-1478 and Case No. 22-1532 as cross-appeals. as to 40 Notice of Cross Appeal. (rhf) (Entered: 05/11/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/30/2022 15:00:15 | | |
| **PACER Login:** | csed6453 | **Client Code:** | ab |
| **Description:** | Docket Report | **Search Criteria:** | 3:18-cv-00463-RJC-DCK |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**6**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CASE No. _____

| | | |
|---|---|---|
| **CHARLOTTE-MECKLENBURG** | ) | |
| **COUNTY BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | |
| **Aleah Brady, individually, and by and** | ) | |
| **through parent or guardian, Jason Brady,** | ) | |
| **and Jason Brady, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

COMES NOW Plaintiff Charlotte-Mecklenburg County Board of Education and hereby brings this civil action against Defendants Aleah Brady, individually, and by and through her parent, Jason Brady, and Jason Brady, independently, showing this Honorable Court as follows:

### INTRODUCTION

1.    This is an action seeking relief from the State Hearing Review Officer's reversal of the Administrative Law Judge's decision dismissing all of the Defendants' claims with prejudice in the underlying administrative hearing.  The case arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and parallel state law, Chapter 115C, Article 9 of the North Carolina General Statutes.

2.    The Charlotte-Mecklenburg Board of Education a/k/a Charlotte Mecklenburg Schools ("CMS") brings this action as an aggrieved party pursuant to 20 U.S.C. § 1415(i)(2)(A) and (3)(A) to challenge the final decision of the State Hearing Review Officer.

3.      All appropriate administrative remedies have been exhausted with respect to the adverse decision challenged herein by CMS.  North Carolina has a two-tiered, independent, administrative review process for claims brought pursuant to the IDEA and both the Administrative Law Judge and State Hearing Review Officer have rendered final decisions regarding the applicable statute of limitations in this matter.

**PARTIES**

4.      Plaintiff Charlotte-Mecklenburg County Board of Education (hereinafter "CMS") is a public body corporate and a political subdivision of the State of North Carolina, Mecklenburg County, under the Constitution and laws of the State of North Carolina, with the capacity to sue and be sued. The School District is responsible for the administration, management and operation of public education services in Mecklenburg County, including the provision of special education and related services to eligible students with disabilities pursuant to federal and state law.

5.      Defendant Aleah Brady ("A.B.") is an eighteen (18) year old woman who attended CMS schools from 2005 through 2015 and received educational services through a plan under Section 504 of the Rehabilitation Act of 1973.  Pub. L. 93-112, as amended by the Rehabilitation Act Amendments of 1974, Pub. L. 93-516, 29 U.S.C. 794 (hereinafter referred to as a "504 Plan"). She resided with her parents through the time relevant hereto, with the exception of six months she spent at a residential educational facility in New Hampshire.  After her discharge from the treatment facility in New Hampshire, A.B. was enrolled in Maple Lake Academy, a therapeutic boarding school in Utah. She attended school there until December 2017.  A.B. may be served with process in this action by the personal service of copies of the Summons and the Complaint upon her or her parent, J.B.  Defendant resides with her parent at 208 Hickory Hill, Matthews, NC 28105.

6.      Defendant Jason Lee Brady ("J.B.") is a parent of A.B. and is a resident of Mecklenburg County, North Carolina. J.B. may be served with process in this action by personal service of copies of the Summons and the Complaint at J.B.'s residence located at 208 Hickory Hill, Matthews, NC 28105, or by leaving copies thereof with someone of suitable age and discretion residing therein.

## JURISDICTION AND VENUE

7.      Pursuant to 20 U.S.C. § 1415(i)(2)(A), the School District seeks review of the Sate Hearing Review Officer's Decision on Defendants' claims arising under the IDEA and related provisions pertaining to the applicable Statute of Limitations under North Carolina law. CMS also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. §§ 1331.

8.      Venue is proper on this Court pursuant to 28 U.S.C. §1391(b) because Defendants reside and the claims involved in this action arose within the Western District of North Carolina, Charlotte Division.

## FACTUAL HISTORY

9.      Defendant A.B. is a child who attended CMS between 2005 and 2015, until her father removed her from CMS and enrolled her in a private educational program in New Hampshire.

10.     During her enrollment with CMS, A.B. was never identified as a child with a disability under the Individuals with Disabilities Education Improvement Act.

11.     During her CMS enrollment, A.B. exhibited problematic behaviors, such as expressing suicidal ideations and crying in school due to anxiety about being in school.

12.     A.B.'s parents began providing therapy for her when she was eight (8) years old.

13.    On October 16, 2012, CMS determined that, based on the impact of her diagnosed disabilities on her learning, that A.B. was eligible for a Section 504 plan pursuant to Section 504 of the Rehabilitation Act.

14.    At each 504 Team meeting, the Defendant J.B. received procedural safeguards that outlined his rights as a parent of a student with a disability. Defendant J.B. also received annual notices at the start of each school year regarding the rights of students with disabilities under the IDEA.

15.    Professional educators with CMS did not observe that A.B.'s disabilities and their impact on her academic progress qualified her for evaluation or services under the IDEA.

16.    In May of 2016, Defendant informed CMS of A.B.'s diagnoses of Autism Spectrum Disorder and informed CMS that she had been enrolled in a school outside of CMS.

17.    At no time during these events or within her enrollment in CMS did any of A.B.'s teachers, school counselors, or members of A.B.'s 504 Team believe that A.B. was in need of, or should be evaluated for, special education or related services.

18.    North Carolina has an explicit one-year statute of limitations for filing a petition for a due process hearing. N.C. Gen. Stat. § 115C-109.6(b).

19.    On January 22, 2018, Defendants filed a Petition for Contested Case Hearing ("Petition") under the Individuals with Disabilities Education Act alleging generally that CMS failed to: a) find A.B. eligible for special education and related services under the IDEA; b) offer a free and appropriate public education (FAPE) in the least restrictive environment; c) develop substantially and procedurally valid Individualized Educational Programs (IEPs) for A.B; d) properly identify and address all suspected areas of disability for A.B.; and e) follow the procedural requirements of IDEA and North Carolina General Statutes §§ 115C-109.6 *et. seq.*

20.     On February 9, 2018, CMS filed both its Response to Petition for Contested Case Hearing and a Motion to Dismiss.

21.     CMS's Response denied that CMS had violated the IDEA and asserted that the court lacked jurisdiction over the Petition because the entirety of the allegations fell outside the statute of limitations and that A.B. was never identified as a child with a disability under the IDEA.

22.     On March 29, 2018, Defendants filed a Motion for Partial Summary Judgment alleging that there were no genuine issues of material fact that: a) CMS failed to comply with the IDEA Child Find requirements; b) CMS failed to offer A.B free and appropriate public education ("FAPE"); and c) the statute of limitations did not apply to A.B.'s claims.

23.     In response, on April 3, 2018, CMS filed a Revised Motion for Summary Judgment and Memorandum in Support alleging that there were no genuine issues of material fact that: a) A.B.'s claims fell outside the statute of limitations; b) A.B. was not a student with a disability who was in need of specially designed instruction under the IDEA when she was a CMS student; and c) A.B.'s father did not give Plaintiff notice that he would seek reimbursement for A.B.'s private school tuition.

24.     On April 18, 2018, following a hearing held on April 10, 2018, the Honorable Selina Malherbe, Administrative Law Judge ("ALJ") presiding, entered a Final Decision—Order of Dismissal, dismissing all of Defendants' claims because: a) North Carolina's one-year statute of limitations barred Defendants' claims because Defendants knew or should have known, about CMS's actions that allegedly violated the IDEA prior to January 18, 2017; and b) neither exception to North Carolina's statute of limitations applied in this case, specifically, CMS did not withhold information from the parents required under state or federal law.

25.     On April 23, 2018, the Defendants filed a Notice of Appeal seeking review of all the findings and decisions in the Final Decision—Order of Dismissal issued by ALJ Malherbe. Defendants argued on appeal that CMS did not provide them a copy of IDEA's procedural rights; therefore, CMS withheld information and Defendants' claims were thus exempt from the statute of limitations.

26.     On April 27, 2018, State Hearing Review Officer ("SHRO") Lisa Lukasik requested that both parties submit exceptions to ALJ Malherbe's Final Decision—Order of Dismissal and/or written arguments.  On May 7, 2018, both parties submitted Written Arguments on Appeal.

27.     On May 17, 2018, SHRO Lukasik entered a Decision reversing ALJ Malherbe's Final Decision, holding that CMS did not provide Defendants with a copy of IDEA's procedural safeguards; thereby establishing the exception to the statute of limitations and allowing Defendants' claims to move forward.

28.     CMS has timely commenced this original action to appeal the Final Decision of the State Hearing Review Officer, as permitted under the IDEA.

**CAUSE OF ACTION**

29.     CMS seeks an order from this Court reversing the Decision of State Hearing Review Officer Lukasik entered on May 17, 2018.  The findings of fact in the Decision are not supported by the preponderance of the evidence and the conclusions of law are in conflict with applicable law.  In addition, the SHRO did not give due weight to the findings of the ALJ as required by the IDEA.  Without limiting the foregoing, the Decision should be reversed for the following reasons:

a. The State Hearing Review Officer improperly held, as a matter of law, that CMS failed to meet statutory requirements to provide Defendants with written notice of procedural safeguards under the IDEA, as applicable to Defendants.

b. The State Hearing Review Officer improperly found that the cause of action accrued when Defendants met with an attorney in January of 2018, even though they knew or should have known of their procedural rights under IDEA in the time period between September of 2011 and November of 2015.

c. The State Hearing Review Officer violated federal law by finding this matter exempt from North Carolina's one-year statute of limitations and ordering further review of a case which is legally time-barred.

d. The State Hearing Review Officer failed to give due weight to the ALJ's factual findings as *prima facie* as correct.

30. This Court may take additional evidence and must reach an independent conclusion based upon a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C).

31. Conclusions of law are reviewed by the Court *de novo.*

32. CMS requests that the Court reverse the State Hearing Review Officer's Decision as set forth herein as the Decision is not supported by the facts and applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Charlotte-Mecklenburg County Board of Education, having stated its claim and being entitled to judgment in its favor, respectfully requests that this Court:

a. Conduct an appropriate review of the State Hearing Review Officer's Decision and consider any appropriate additional evidence;

b.  Enter an Order (1) reversing the Decision of the State Hearing Review Officer, (2) reinstating the Final Decision—Order of Dismissal of ALJ Malherbe, and (3) instructing that the underlying Petition be dismissed in its entirety;

c.  Grant Plaintiff appropriate declaratory and injunctive relief;

d.  Declare Plaintiff the prevailing party on all claims; and

e.  Grant Plaintiff any further relief to which it is justly entitled.

RESPECTFULLY SUBMITTED, this 22nd day of August 2018.

**CAMPBELL SHATLEY, PLLC**

s/ Christopher Z. Campbell
Christopher Z. Campbell
NC State Bar No. 23035
M. Braxton Marcela
NC State Bar No. 52511
674 Merrimon Ave.
Suite 210
Asheville, NC 28804
(828) 398.2775
(828) 398.2795 *fax*
Chris@csedlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**3:18-cv-463**

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>Aleah Brady, individually, and by and through parent or guardian, Jason Brady, and Jason Brady, individually,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER TO THE COMPLAINT** |

COME NOW Defendants Aleah Brady, individually, and by and through her parent, Jason Brady, and Jason Brady, individually, in the above-captioned cause of action and hereby answer Plaintiff's Complaint as follows. Defendants deny each and every allegation of Plaintiff's Complaint that is not specifically admitted in this Answer.

**INTRODUCTION**

1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint are not directed at Defendants and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants deny those assertions.

2.     The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the

1

extent a response is required to any factual allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants deny those assertions.

3.    The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed at Defendant and/or contain conclusions of law to which no response is required. To the extent a response is required to any factual allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants deny those assertions.

## PARTIES

4.    Admitted.

5.    Admitted A.B. is an eighteen (18) year old woman. Admitted A.B. attended CMS schools from 2005 through 2015. Admitted CMS developed a plan to provide A.B. accommodations under Section 504 of the Rehabilitation Act of 1973 during some of the time she was enrolled in CMS. Admitted A.B. attended school at a residential educational facility in New Hampshire for approximately six months. Admitted after A.B.'s discharge from the residential educational facility in New Hampshire, A.B. enrolled in Maple Lake Academy, a therapeutic boarding school in Utah. Admitted A.B. attended school at Maple Lake Academy in Utah until December 2017. Admitted A.B. may be served with process in this action by the personal service of copies of the Summons and the Complaint upon her or her parent, J.B. Defendants deny the remaining allegations contained in this paragraph.

6.    Admitted J.B. is a parent of A.B. and is a resident of Mecklenburg County, North Carolina. Defendants deny the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

7.    Paragraph 7 of Plaintiff's Complaint contains conclusions of law to which no response

2

is required. To the extent a response is required to any of the factual allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendants deny those assertions.

8.    Paragraph 8 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required to any of the factual allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendants deny those assertions.

**FACTUAL HISTORY**

9.    Admitted that A.B. attended CMS between 2005 and 2015. Admitted A.B.'s father removed A.B. from CMS and enrolled her in a private educational program in New Hampshire. Defendants deny the remaining allegations contained in this paragraph.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Denied.

15.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph.

16.    Denied.

17.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph.

18.    Paragraph 18 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required to any of the factual allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendants deny those assertions.

19.    Admitted that Defendants filed a Petition for Contested Case Hearing under the

Individuals with Disabilities Education Act on January 22, 2018. The document speaks for itself. Except as specifically admitted, the allegations in Paragraph 19 are denied.

20.    Admitted.

21.    The Response filed by CMS speaks for itself.

22.    Admitted that on March 29, 2018, Defendants filed a Motion for Partial Summary Judgment. The document speaks for itself. Except as specifically admitted, the allegations in Paragraph 22 are denied.

23.    Admitted that on April 3, 2018, CMS filed a Revised Motion for Summary Judgment and Memorandum of Law in Support. The document speaks for itself. Except as specifically admitted, the allegations in Paragraph 23 are denied.

24.    Admitted that on April 28, 2018, Administrative Law Judge Selina Malherbe entered a Final Decision—Order of Dismissal. The document speaks for itself. Except as specifically admitted, the allegations in Paragraph 24 are denied.

25.    Admitted that on April 23, 2018, Defendants filed a Notice of Appeal seeking review of all findings and decisions in the Final Decision—Order of Dismissal issued by Judge Malherbe. The document speaks for itself. Except as specifically admitted, the allegations in Paragraph 25 are denied.

26.    Admitted that on April 27, 2018, State Hearing Review Officer ("SHRO") Lisa Lukasik requested that both parties submit exceptions to ALJ Malherbe's Final Decision—Order of Dismissal and/or written arguments. Admitted that on May 7, 2018, both parties submitted Written Arguments on Appeal.

27.    Admitted that on May 17, 2018, SHRO Lukasik entered a Decision reversing ALJ Malherbe's Final Decision. The document speaks for itself. Except as specifically

admitted, the allegations in Paragraph 27 are denied.

28.      Admitted CMS has timely commenced this original action to appeal the Final Decision

of the State Hearing Review Officer, as permitted under the IDEA.

## CAUSE OF ACTION

29.      Paragraph 29 and all of its subparts of Plaintiff's Complaint contain conclusions of law

to which no response is required. To the extent a response is required to any of the

factual allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendants deny

those assertions.

30.      Paragraph 30 of Plaintiff's Complaint contains conclusions of law to which no response

is required. To the extent a response is required to any of the factual allegations

contained in Paragraph 30 of Plaintiff's Complaint, Defendants deny those assertions.

31.      Paragraph 31 of Plaintiff's Complaint contains conclusions of law to which no response

is required. To the extent a response is required to any of the factual allegations

contained in Paragraph 31 of Plaintiff's Complaint, Defendants deny those assertions.

32.      Paragraph 32 of Plaintiff's Complaint contains Plaintiff's request for a reversal of the

State Hearing Review Officer's decision and conclusions of law to which no response

is required. To the extent a response is required to any of the factual allegations

contained in Paragraph 32 of Plaintiff's Complaint, Defendants deny those assertions.

## PRAYER FOR RELIEF

The allegations in the Prayer for Relief section of Plaintiff's Complaint do not require a

response. To the extent a response is required, the allegations in the Prayer for Relief section of

Plaintiff's Complaint are denied as a whole and as to each subpart.

5

WHEREFORE, Defendants respectfully pray the Court that:

1. Plaintiffs' prayer for relief be denied in its entirety;

2. The decision of the State Hearing Review Officer be upheld in its entirety and find Defendants proved the statute of limitations does not bar Defendant's IDEA claims;

3. The costs of this action be taxed against Plaintiffs; and

4. For such other relief as the Court deems just and proper.

Respectfully submitted this the _18th_ day of October, 2018

/s/ Stacey Gahagan
Stacey Gahagan
N.C. State Bar No. 44393
The Gahagan Law Firm, PLLC
3326 Durham Chapel Hill Boulevard, Suite 210-C
Durham, North Carolina 27707
(919) 942-1430
stacey@gahaganlaw.com
*Attorney for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of the filing to the following:

> Christopher Z. Campell
> M. Braxton Marcela
> 674 Merrimon Ave.
> Suite 210
> Ashville, NC 28804
> Chris@csedlaw.com
> *Attorneys for Plaintiff*

This the 18 day of October 2018.

> /s/ Stacey Gahagan
> Stacey Gahagan
> N.C. State Bar No. 44393
> The Gahagan Law Firm, PLLC
> 3326 Durham Chapel Hill Boulevard, Suite 210-C
> Durham, North Carolina 27707
> (919) 942-1430
> stacey@gahaganlaw.com
> *Attorney for Defendants*

7

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:18-CV-463-RJC-DCK**

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MOTION FOR LEAVE TO FILE** |
| ALEAH BRADY, individually, and by and through parent or guardian, JASON BRADY, and JASON BRADY, individually, | ) ) ) ) ) | **AMENDED COMPLAINT** |
| Defendants. | ) ) | |

**NOW COMES PLAINTIFF**, **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION** (hereinafter "Plaintiff," or "CMS") and respectfully submits the following *Motion for Leave to File Amended Complaint* in the above-captioned matter. In support of its Motion, CMS respectfully states the following:

**PROCEDURAL BACKGROUND**

1.     This case arises as an original action brought by CMS as an aggrieved party under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and parallel state law, Chapter 115C, Article 9 of the North Carolina General Statutes.

2.     This Court has jurisdiction to receive the records of the administrative proceedings below, hear additional evidence at the request of either party, and based

on a preponderance of the evidence, grant such relief to an aggrieved party as the court determines appropriate. 20 U.S.C. 1415(i)(2)(C).

3. On August 22, 2018, CMS filed its Complaint with this Court, which was followed by Defendant's Answer on October 18, 2018. D.E. 1, 6.

4. On January 28, 2019, this Court entered a *Pre-Trial Order and Case Management Plan* ("Pre-Trial Order") pursuant to Rule 16 of the Federal Rules of Civil Procedure. D.E. 8.

5. The Pre-Trial Order does not address any timeline for the amendment of pleadings. D.E. 8.

6. Pursuant to the Pre-Trial Order, both parties have submitted memoranda in support and in opposition to Plaintiff's Complaint. D.E. 18-20.

7. On December 15, 2021, this Court provided an electronic Notice of Hearing for CMS' Cause of Action in this case for March 3, 2022.

## RECENT FOURTH CIRCUIT SUPPLEMENTAL AUTHORITY

8. On December 20, 2021, the Fourth Circuit Court of Appeals rendered a published opinion in *Stephanie Johnson, individually and on behalf of A.J. and T.S. v. Charlotte-Mecklenburg Schools Board of Education*, USCA No. 20-1819, 2021 U.S. App. LEXIS 37646 (4th Cir. December 20, 2021), a copy of which is attached hereto as Exhibit A. The mandate from the Fourth Circuit was entered by the Fourth Circuit on January 11, 2021.

9. In *Johnson*, the Fourth Circuit addressed whether a federal court lacks federal subject-matter jurisdiction over a parent's IDEA claims, when the parent and

children in the case move to a new school district, and the parent's federal complaint only seeks a "remand" back to North Carolina's Office of Administrative Hearings for a due process hearing. In its opinion, the Fourth Circuit joined several other circuits in holding that a parent's IDEA claims are not moot in federal court if the parent moves to a new school district after the commencement of a lawsuit, as long as the federal complaint includes a claim for compensatory education for an alleged deprivation of past harm. *Johnson*, USCA 20-1819, at *15.

10.    The Fourth Circuit clarified in *Johnson* that under the principles of federalism, and it's holding in *Kirkpatrick v. Lenoir Cnty Bd. of Educ*, 216 F.3d 380 (4th Cir. 2000), federal district courts do not possess "appellate review over state administrative IDEA complaints," and do not simply "affirm, reverse, or vacate" decisions from a state administrative agency. *Johnson*, at *16-17.[1] Thus, the Fourth Circuit concluded in *Johnson*, that federal district courts lack authority to "remand" an IDEA case to a state agency. *Id.* at 17.

---

[1] In relying on its precedent in *Kirkpatrick*, the Fourth Circuit acknowledged that previous courts had allowed remand back to a state agency as a remedy in IDEA cases.

> Following our decision in *Kirkpatrick*, we occasionally have directed district courts to remand an IDEA case to a state agency. *See, e.g., JH v. Henrico Cnty. Sch. Bd.*, 326 F.3d 560, 569 (4th Cir. 2003); *J.P. v. Cnty. Sch. Bd. of Hanover Cnty., Va.*, 516 F.3d 254, 262 n.3 (4th Cir. 2008). In those cases, however, we were not presented with the question before us here, namely, whether our decision in *Kirkpatrick* permits us to order such a remand. Moreover, our decision in *Kirkpatrick* governs our present analysis because Kirkpatrick is our earlier-decided precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004).

*Johnson*, USCA 20-1819, at 17, n. 1.

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

11.    It is the policy of the Fourth Circuit to "liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). *See Savage v. Centex/Taylor, LLC*, Civil Action No. RDB-11-2134, 2012 U.S. Dist. LEXIS 36536, at *9 (D. Md. Mar. 19, 2012) (holding that under Rule 15(a), amendments should be "liberally construed").

12.    Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days after service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R.C.P., Rule 15(a)(1).

13.    "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." F.R.C.P. Rule 15(a)(2).

14.    On January 21, 2022, counsel for Defendant consented via electronic mail to allow CMS to amend its Complaint as set forth in Exhibit B for the limited purposes set forth in this Motion.

15.    Based on the recent Fourth Circuit holding in *Johnson*, CMS respectfully requests that this Court grant CMS leave to file an Amended Complaint to clarify that it seeks a final legal determination that the allegations in Defendant's due process petition are outside of the one-year statute of limitations applicable to IDEA claims under North Carolina law, not simply a reversal and/or re-instatement

of the Administrative Law Judge's decision from the administrative proceedings below.

16.     This Motion is not made for the purpose of delay or any other improper purpose, nor does it materially alter the case in any way.  CMS is only requesting that this Court enter an order on the statute of limitations issue addressed in the final decisions reached by the administrative law judge and the state hearing review officer during the administrative proceedings.

17.     Previously, CMS requested reversal of the State Hearing Review Officer's decision and re-instatement of the ALJ's decision.  Now, in accordance with *Johnson*, CMS simply requests a final independent determination from this Court regarding the applicability of the statute of limitations.

18.     This Motion does not prejudice Defendant and should not impact the March 3, 2022 hearing scheduled by this Court regarding that final determination.

19.     A copy of the Amended Complaint is attached hereto as Exhibit B.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests that this Court **GRANT** its *Motion for Leave to File Amended Complaint* and allow Plaintiff to file an *Amended Complaint* with the Court in the above-captioned matter.

Respectfully submitted this 25th day of January, 2022.


**CAMPBELL SHATLEY, PLLC**

s/Christopher Z. Campbell
Christopher Z. Campbell
NC State Bar No. 23035

/s Kristopher L. Caudle
Kristopher L. Caudle
NC State Bar No. 48125
674 Merrimon Ave.
Suite 210
Asheville, NC 28804
(828) 398-2775
chris@csedlaw.com
Kris@csedlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this *Motion for Leave to Amend Complaint* in the above-entitled action upon all parties to this cause via electronic service to all counsel who have consented to same via the Court's CM/ECF system:

Stacey Gahagan
Gahagan Paradis, PLLC
3326 Durham Chapel Hill Blvd.
Suite 210-C
Durham, NC  27007
sgahagan@ncgplaw.com

THIS the 25th  day of January, 2022.

s/Christopher Z. Campbell
Christopher Z. Campbell

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-463-RJC-DCK**

| | | |
|---|---|---|
| **CHARLOTTE-MECKLENBURG** | ) | |
| **COUNTY BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ALEAH BRADY, individually, and by and** | ) | |
| **through parent or guardian, Jason Brady,** | ) | |
| **and JASON BRADY, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To File Amended Complaint" (Document No. 22) filed January 25, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, and in consultation with Judge Conrad's chambers, the undersigned will <u>grant</u> the motion.

## STANDARD OF REVIEW

     Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

After careful consideration of the record and the Motion, and noting Defendant's consent to the proposed amendment, the undersigned finds that Plaintiff's Motion to amend should be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To File Amended Complaint" (Document No. 22) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before January 28, 2022.[1]

**SO ORDERED.**                     Signed: January 27, 2022

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE No 3:18-CV-463

| | | |
|---|---|---|
| **CHARLOTTE-MECKLENBURG COUNTY BOARD OF EDUCATION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **AMENDED COMPLAINT** |
| **Aleah Brady, individually, and by and through parent or guardian, Jason Brady, and Jason Brady, individually,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

      **COMES NOW** Plaintiff Charlotte-Mecklenburg County Board of Education and hereby brings this civil action against Defendants Aleah Brady, individually, and by and through her parent, Jason Brady, and Jason Brady, independently, showing this Honorable Court as follows:

### INTRODUCTION

      1.    This is an action seeking appropriate relief from the State Hearing Review Officer's reversal of the Administrative Law Judge's decision dismissing all of the Defendants' claims with prejudice in the underlying administrative hearing. This action seeks a legal determination that the allegations in Defendant's Petition are outside of the one-year statute of limitations applicable to IDEA claims

**30**

under North Carolina law. The case arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and parallel state law, Chapter 115C, Article 9 of the North Carolina General Statutes.

2.      The Charlotte-Mecklenburg Board of Education a/k/a Charlotte Mecklenburg Schools ("CMS") brings this action as an aggrieved party pursuant to 20 U.S.C. § 1415(i)(2)(A) and (3)(A) to challenge the legal determinations in the final decision of the State Hearing Review Officer.

3.      All appropriate administrative remedies have been exhausted with respect to the adverse decision challenged herein by CMS.  North Carolina has a two-tiered, independent, administrative review process for claims brought pursuant to the IDEA and both the Administrative Law Judge and State Hearing Review Officer have rendered final decisions regarding the applicable statute of limitations in this matter.

## PARTIES

4.      Plaintiff Charlotte-Mecklenburg County Board of Education (hereinafter "CMS") is a public body corporate and a political subdivision of the State of North Carolina, Mecklenburg County, under the Constitution and laws of the State of North Carolina, with the capacity to sue and be sued. The School District is responsible for the administration, management and operation of public education services in Mecklenburg County, including the provision of special education and related services to eligible students with disabilities pursuant to federal and state law.

5.      Defendant Aleah Brady ("A.B.") is an eighteen (18) year old woman who attended CMS schools from 2005 through 2015 and received educational services through a plan under Section 504 of the Rehabilitation Act of 1973. Pub. L. 93-112, as amended by the Rehabilitation Act Amendments of 1974, Pub. L. 93-516, 29 U.S.C. 794 (hereinafter referred to as a "504 Plan"). She resided with her parents through the time relevant hereto, with the exception of six months she spent at a residential educational facility in New Hampshire. After her discharge from the treatment facility in New Hampshire, A.B. was enrolled in Maple Lake Academy, a therapeutic boarding school in Utah. She attended school there until December 2017. A.B. may be served with process in this action by the personal service of copies of the Summons and the Complaint upon her or her parent, J.B. Defendant resides with her parent at 208 Hickory Hill, Matthews, NC 28105.

6.      Defendant Jason Lee Brady ("J.B.") is a parent of A.B. and is a resident of Mecklenburg County, North Carolina. J.B. may be served with process in this action by personal service of copies of the Summons and the Complaint at J.B.'s residence located at 208 Hickory Hill, Matthews, NC 28105, or by leaving copies thereof with someone of suitable age and discretion residing therein.

**JURISDICTION AND VENUE**

7.      Pursuant to 20 U.S.C. § 1415(i)(2)(A), the School District seeks an independent determination of the State Hearing Review Officer's Decision on Defendants' claims arising under the IDEA and related provisions pertaining to the applicable statute of limitations under North Carolina law. CMS also seeks

declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. §§ 1331.

8.      Venue is proper on this Court pursuant to 28 U.S.C. §1391(b) because Defendants reside and the claims involved in this action arose within the Western District of North Carolina, Charlotte Division.

## FACTUAL HISTORY

9.      Defendant A.B. is a child who attended CMS between 2005 and 2015, until her father removed her from CMS and enrolled her in a private educational program in New Hampshire.

10.     During her enrollment with CMS, A.B. was never identified as a child with a disability under the Individuals with Disabilities Education Improvement Act.

11.     During her CMS enrollment, A.B. exhibited problematic behaviors, such as expressing suicidal ideations and crying in school due to anxiety about being in school.

12.     A.B.'s parents began providing therapy for her when she was eight (8) years old.

13.     On October 16, 2012, CMS determined that, based on the impact of her diagnosed disabilities on her learning, that A.B. was eligible for a Section 504 plan pursuant to Section 504 of the Rehabilitation Act.

14.     At each 504 Team meeting, the Defendant J.B. received procedural safeguards that outlined his rights as a parent of a student with a disability.

Defendant J.B. also received annual notices at the start of each school year regarding the rights of students with disabilities under the IDEA.

15.     Professional educators with CMS did not observe that A.B.'s disabilities and their impact on her academic progress qualified her for evaluation or services under the IDEA.

16.     In May of 2016, Defendant informed CMS of A.B.'s diagnoses of Autism Spectrum Disorder and informed CMS that she had been enrolled in a school outside of CMS.

17.     At no time during these events or within her enrollment in CMS did any of A.B.'s teachers, school counselors, or members of A.B.'s 504 Team believe that A.B. was in need of, or should be evaluated for, special education or related services.

18.     North Carolina has an explicit one-year statute of limitations for filing a petition for a due process hearing.  N.C. Gen. Stat. § 115C-109.6(b).

19.     On January 22, 2018, Defendants filed a Petition for Contested Case Hearing ("Petition") under the Individuals with Disabilities Education Act alleging generally that CMS failed to: a) find A.B. eligible for special education and related services under the IDEA; b) offer a free and appropriate public education (FAPE) in the least restrictive environment; c) develop substantially and procedurally valid Individualized Educational Programs (IEPs) for A.B; d) properly identify and address all suspected areas of disability for A.B.; and e) follow the procedural requirements of IDEA and North Carolina General Statutes §§ 115C-109.6 *et. seq.*

20.    On February 9, 2018, CMS filed both its Response to Petition for Contested Case Hearing and a Motion to Dismiss.

21.    CMS's Response denied that CMS had violated the IDEA and asserted that the court lacked jurisdiction over the Petition because the entirety of the allegations fell outside the statute of limitations and that A.B. was never identified as a child with a disability under the IDEA.

22.    On March 29, 2018, Defendants filed a Motion for Partial Summary Judgment alleging that there were no genuine issues of material fact that: a) CMS failed to comply with the IDEA Child Find requirements; b) CMS failed to offer A.B free and appropriate public education ("FAPE"); and c) the statute of limitations did not apply to A.B.'s claims.

23.    In response, on April 3, 2018, CMS filed a Revised Motion for Summary Judgment and Memorandum in Support alleging that there were no genuine issues of material fact that: a) A.B.'s claims fell outside the statute of limitations; b) A.B. was not a student with a disability who was in need of specially designed instruction under the IDEA when she was a CMS student; and c) A.B.'s father did not give Plaintiff notice that he would seek reimbursement for A.B.'s private school tuition.

24.    On April 18, 2018, following a hearing held on April 10, 2018, the Honorable Selina Malherbe, Administrative Law Judge ("ALJ") presiding, entered a Final Decision—Order of Dismissal, dismissing all of Defendants' claims because: a) North Carolina's one-year statute of limitations barred Defendants' claims because Defendants knew or should have known, about CMS's actions that allegedly violated

the IDEA prior to January 18, 2017; and b) neither exception to North Carolina's statute of limitations applied in this case, specifically, CMS did not withhold information from the parents required under state or federal law.

25.    On April 23, 2018, the Defendants filed a Notice of Appeal seeking review of all the findings and decisions in the Final Decision—Order of Dismissal issued by ALJ Malherbe.  Defendants argued on appeal that CMS did not provide them a copy of IDEA's procedural rights; therefore, CMS withheld information and Defendants' claims were thus exempt from the statute of limitations.

26.    On April 27, 2018, State Hearing Review Officer ("SHRO") Lisa Lukasik requested that both parties submit exceptions to ALJ Malherbe's Final Decision—Order of Dismissal and/or written arguments.  On May 7, 2018, both parties submitted Written Arguments on Appeal.

27.    On May 17, 2018, SHRO Lukasik entered a Decision reversing ALJ Malherbe's Final Decision, holding that CMS did not provide Defendants with a copy of IDEA's procedural safeguards; thereby establishing the exception to the statute of limitations and allowing Defendants' claims to move forward.

28.    CMS has timely commenced this original civil action as an aggrieved party to the Final Decision of the State Hearing Review Officer, as permitted under the IDEA.

## CAUSE OF ACTION

29.    The findings of fact in the SHRO's Decision are not supported by the preponderance of the evidence and the conclusions of law are in conflict with

applicable law.  In addition, the SHRO did not give due weight to the findings of the ALJ as required by the IDEA.

30.    The SHRO improperly held, as a matter of law, that CMS failed to meet statutory requirements to provide Defendants with written notice of procedural safeguards under the IDEA, as applicable to Defendants.

31.    The SHRO improperly found that the cause of action accrued when Defendants met with an attorney in January of 2018, even though they knew or should have known of their procedural rights under IDEA in the time period between September of 2011 and November of 2015.

32.    The SHRO violated federal law by finding this matter exempt from North Carolina's one-year statute of limitations and ordering further review of a case which is legally time-barred.

33.    The State Hearing Review Officer failed to give due weight to the ALJ's factual findings as *prima facie* as correct.

34.    This Court may take additional evidence and must reach an independent conclusion based upon a preponderance of the evidence and shall grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(C).

35.    Conclusions of law are reviewed by the Court *de novo*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charlotte-Mecklenburg County Board of Education, having stated its claim and being entitled to judgment in its favor, respectfully requests that this Court:

a.  Conduct an appropriate review of the SHRO's Decision, the administrative record, and consider any appropriate additional evidence;

b.  Enter an Order with an independent final legal determination that the allegations in Defendant's Petition are outside of the one-year statute of limitations applicable to IDEA claims under North Carolina law;

c.  Grant Plaintiff appropriate declaratory and injunctive relief;

d.  Declare Plaintiff the prevailing party on all claims; and

e.  Grant Plaintiff any further relief to which it is justly entitled.

RESPECTFULLY SUBMITTED, this 27th day of January 2022.

**CAMPBELL SHATLEY, PLLC**

s/ Christopher Z. Campbell
Christopher Z. Campbell
NC State Bar No. 23035
s/Kristopher L. Caudle
Kristopher L. Caudle
NC State Bar No. 49125
674 Merrimon Ave.
Suite 210
Asheville, NC 28804
(828) 398.2775
(828) 398.2795 *fax*
Chris@csedlaw.com
kris@csedlaw.com

## CERTIFICATE OF SERVICE

I certify that, on January 27, 2022, I electronically filed the foregoing document with the Clerk of Court for the Western District of North Carolina by using the CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

<u>s/Kristopher L. Caudle</u>
Kristopher L. Caudle

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**NO. 3:18-CV-463**

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | MOTION TO DISMISS – Rule 12(b)(1) |
| ALEAH BRADY, individually, and by and through parent or guardian, JASON BRADY, and JASON BRADY, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**NOW COMES PLAINTIFF**, **CHARLOTTE-MECKLENBURG COUNTY BOARD OF EDUCATION** (hereinafter "Plaintiff," or "CMS"), by and through counsel, pursuant to Rules 7(b) and 12(b)(1) of the Federal Rules of Civil Procedure and LCvR 7.1, and hereby respectfully submits this Motion to Dismiss along with a *Memorandum in Support of Motion to Dismiss* filed contemporaneously herewith, based on a lack of federal subject-matter jurisdiction.

This Court lacks federal subject-matter jurisdiction over Defendants' Counterclaim asserting a cause of action for relief under the Individuals with Disabilities Education Act ("IDEA") and over any claim that Defendants were prevented from timely filing a due process complaint with the Office of Administrative Hearings ("OAH") due to a specific misrepresentation by CMS that it had resolved the issues related to A.B.'s educational, behavioral, and social-emotional

needs through the development of a Section 504 plan. Defendants have failed to exhaust all administrative remedies under IDEA prior to filing a Counterclaim, and none of the exceptions to IDEA's exhaustion requirement are applicable in this case.

**WHEREFORE**, for the reasons stated herein, and for the reasons set forth in CMS' *Memorandum of Law* in support of its Motion to Dismiss filed contemporaneously herewith, Plaintiff **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION** respectfully prays that this Court:

1. Dismiss with prejudice any claim or allegation that Defendants were prevented from timely filing a due process complaint with the Office of Administrative Hearings ("OAH") due to a specific misrepresentation by CMS that it had resolved the issues related to A.B.'s educational, behavioral, and social-emotional needs through the development of a Section 504 plan.

2. Dismiss Defendants' Counterclaim against CMS without prejudice allowing Defendants to exhaust administrative remedies on the merits of their Counterclaim, in the event that this Court determines that Defendants' IDEA claims raised in OAH are not barred by the statute of limitations.

3. Enter an Order declaring CMS the prevailing party to this action.

4. Any other relief that this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 2nd day of March, 2022.

CAMPBELL SHATLEY, PLLC

s/Kristopher L. Caudle
Kristopher L. Caudle
NC State Bar No. 49185

s/Christopher Z. Campbell
Christopher Z. Campbell
NC State Bar No. 23035
674 Merrimon Ave., Suite 210
Asheville, NC 28804
(828) 378.0064
(828) 398.2795 fax
kris@csedlaw.com
chris@csedlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this *Motion to Dismiss-Rule 12(b)(1)* in the above-entitled action upon all parties to this cause via electronic service to all counsel who have consented to same via the Court's CM/ECF system:

Stacey Gahagan
Rachel Horton
Gahagan Paradis, PLLC
3326 Durham Chapel Hill Blvd.
Suite 210-C
Durham, NC  27007
sgahagan@ncgplaw.com
rhorton@ncgplaw.com

THIS the 2nd day of March, 2022.

s/Kristopher L. Caudle
Kristopher L. Caudle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-00463-RJC-DSC**

| | | |
|---|---|---|
| **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | <u>**ORDER**</u> |
| **ALEAH BRADY,** *individually, and by and through parent, Jason Brady*, **and JASON BRADY,** *individually*, | ) ) ) ) ) | |
| **Defendants.** | | |

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint, (DE 24), Defendants' Answer and Counterclaim, (DE 27), the Parties' briefs, (DEs 18, 19), and Plaintiff's Motion to Dismiss Defendants' Counterclaim, (DE 31). The Court has reviewed the pleadings, motions, exhibits thereto, and applicable law and has considered the Parties' briefed arguments. For the reasons stated herein, the Court concludes that Defendants' claims are not time barred because the withholding exception to the statute of limitations applies; and Defendants' counterclaim is dismissed without prejudice for failure to exhaust administrative remedies.  In light of the Court's decision, Defendants' underlying IDEA claims that are pending before the ALJ on remand from the SHRO are now ripe for a decision on the merits from the ALJ.

## I.    BACKGROUND

### A.    Procedural Background

On January 22, 2018, Aleah Brady ("A.B."), by and through her parent, Jason Brady ("J.B.") (together, "Defendants") filed a Petition for Contested Case Hearing in the North Carolina Office of Administrative Hearings ("OAH"), alleging the Charlotte-Mecklenburg Board of

1

Education ("CMS") violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. On April 18, 2018, the ALJ issued a Final Decision which consisted of eight (8) paragraphs and did not contain any specific findings of fact or conclusions of law. (DE 12 at 21-24). The ALJ determined A.B. and her father knew or should have known of their claims prior to January 18, 2017, and the exceptions to the statute of limitations did not apply as CMS did not withhold information from A.B.'s parents that was required under state or federal law. (DE 12 at 21-24). The ALJ's decision did not reach the merits of A.B.'s underlying claims.

On April 23, 2018, A.B. and her father appealed the ALJ's Decision to the North Carolina State Board of Education and a SHRO was appointed to review the ALJ's Decision. (DE 12 at 340–41). The SHRO issued a written decision on May 27, 2018, reversing the ALJ's Decision and remanding the case. (DE 12 at 684-723). The SHRO held that the withholding exception to the IDEA's statute of limitations applied because CMS failed to provide notice to A.B.'s parents of the IDEA's procedural safeguards or issue a prior written notice of CMS' refusal to evaluate A.B. under the IDEA. (DE 12 at 721). The SHRO's Decision did not reach the merits of Defendants' underlying claims. (DE 12 at 721).

On August 22, 2018, CMS filed a Complaint before this Court seeking reversal of the SHRO's Decision, reinstatement of the ALJ's Decision, and dismissal of the underlying Petition in its entirety. (DE 1 at 8). On October 18, 2018, Defendants filed an Answer requesting this Court deny Plaintiffs' prayer for relief, uphold the SHRO's Decision, and find that the statute of limitations does not bar Defendants' IDEA claims. (DE 6 at 7).

During the pendency of this case, the Fourth Circuit Court of Appeals rendered a decision in *Johnson v. Charlotte-Mecklenburg Sch. Bd. of Ed.*, 20 F.4th 835 (4th Cir. 2021). The court clarified that under principles of federalism, and it's prior holding in *Kirkpatrick v. Lenoir Cnty*

2

*Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000), federal district courts do not possess "appellate review over state administrative IDEA complaints," and do not simply "affirm, reverse, or vacate" decisions from a state administrative agency. *Johnson*, 20 F.4th at 845–46. Thus, the Fourth Circuit concluded in *Johnson* that federal district courts lack authority to "remand" an IDEA case to a state agency. *Id.* at 17.

In light of the Fourth Circuit's holding in *Johnson,* on January 27, 2022, CMS filed an Amended Complaint requesting that this Court conduct an appropriate review of the SHRO's Decision, the administrative record, and enter an Order with an independent final legal determination that the allegations in Defendants' Petition are outside of the one-year statute of limitations applicable to IDEA claims under North Carolina law. (DE 24 at 9). On February 10, 2022, Defendants filed an Answer to CMS' Amended Complaint that included a counterclaim requesting this Court enter an Order with an independent final legal determination that CMS violated the procedural and substantive requirements of the IDEA, state law, and state and federal regulations, thus denying A.B. a FAPE; order CMS to provide A.B. with compensatory special education and related services for the amount of time the Court determines a FAPE was denied; order CMS to reimburse A.B.'s parents for any expenses incurred as a result of CMS' failure to meet the requirements of the IDEA, state law, and state and federal regulations, including but not limited to, the costs and expenses incurred for A.B. to attend any private therapies, and the tuition and all associated costs and expenses, including transportation, incurred for A.B. to attend a treatment center in New Hampshire and a therapeutic boarding school in Utah. (DE 27 at 34).

On March 2, 2022, CMS filed a Motion to Dismiss Defendants' Counterclaim for lack of subject-matter jurisdiction. (DE 31). In its Motion to Dismiss Defendants' Counterclaim, CMS argues that this Court does not have subject-matter jurisdiction over Defendants' counterclaim

because Defendants failed to exhaust all administrative remedies under IDEA prior to asserting their counterclaim. (DE 31). Additionally, CMS argues that none of the exceptions to IDEA's exhaustion requirement are applicable. (DE 31). In response, Defendants argue that after *Johnson* claims are exhausted once a student and her parents go through the administrative process prior to filing in federal court. (DE 33 at 10). Defendants further argue that if the counterclaim was not exhausted during the administrative process then an exception to the exhaustion requirement applies. (*Id.* at 12).

> **B.    Factual Background**

A.B. was enrolled as a student in the Charlotte-Mecklenburg School District ("CMS District") from 2005 until 2015. (DE 12 at 687). In second grade, A.B. began exhibiting problematic behaviors, including self-injurious behaviors, expressing suicidal ideations, and crying in school due to expressed anxiety. (DE 12 at 135 ¶ 7). From 2011 through 2014, A.B. attended middle school in the CMS District. (DE 12 at 135 ¶ 11). A.B.'s anxiety and crying during classes increased and continued throughout middle school. (DE 12 at 135 ¶ 14). A.B.'s grades also significantly declined in middle school. (DE 12 at 207-09). Additionally, A.B. was absent a total of 166 times—114 excused and 52 excused. (DE 12 at 256-61). On multiple occasions, A.B. was hospitalized throughout middle school and made threats of suicide while at school. (DE 12 at 211-48; *id.* at 135 ¶¶ 15-17). In response to A.B.'s suicide threats, CMS required A.B.'s parents to have A.B. assessed by a psychologist or psychiatrist before allowing A.B. to return to school. (DE 12 at 135 ¶ 17; *id.* at 246-48).

On February 26, 2013, A.B.'s Section 504 team reconvened. (DE 12 at 252-54). Prior to the meeting, A.B.'s father provided the team with an email from A.B.'s psychologist, Dr. Morganstein. J.B. explained that he wished to discuss the topics raised in Dr. Morganstein's email during the 504 team meeting. (DE 12 at 136 ¶ 24; *id.* at 255). Dr. Morganstein's email stated, in

4

part: "We understand that with her specific diagnoses, [A.B.] qualifies as OHI and is eligible for an IEP – is tutoring covered by an IEP? Is there something that is covered by an IEP that can benefit her?" (DE 12 at 255). No one from CMS convened a Referral Meeting to discuss A.B.'s eligibility for an IEP. (DE 12 at 136 ¶ 25).

On September 4, 2013, A.B.'s 504 team convened to review her 504 Plan. (DE 12 at 262-63). Again, the team determined that A.B. required a BIP. (DE 12 at 262). After the September 4, 2013 meeting, J.B. signed a parental notice form and checked a box directly above his signature stating "I have received a copy of the Parent-Student Rights and Procedural Safeguards." (DE 12 at 588). Despite A.B.'s eligibility for a BIP, excessive absences, hospitalizations due to the impact of her disabilities, and below average grades, no one from CMS referred A.B. for an evaluation to determine if she qualified for services under the IDEA. (DE 12 at 136-37 ¶¶ 16, 30).

On November 4, 2015, A.B. attempted to commit suicide at school. (DE 12 at 275). The next day the assistant principal of A.B.'s school contacted A.B.'s father to inform him that A.B. had attempted suicide at school, and A.B.'s parents needed to plan for A.B. to attend school elsewhere because the school was not prepared to deal with A.B. (DE 12 at 137 ¶ 38).

At the advice of medical professionals, A.B.'s parents removed A.B. from CMS and enrolled her at Mountain Valley Treatment Center, a short-term residential treatment center located in New Hampshire, in December 2015. (DE 12 at 137 ¶ 45). A.B. remained at Mountain Valley until May 2016.[1] (DE 12 at 137 ¶ 46). Following her discharge from Mountain Valley, A.B. began attending Maple Lake Academy, a therapeutic boarding school located in Utah. (DE 12 at 137 ¶ 47). A.B. returned home in December 2017. (DE 12 at 137 ¶ 49). As of March 2018, A.B. lived at home, remained enrolled at Maple Lake Academy, and took classes online. (DE 12 at 137 ¶¶ 49-

---

[1] The cited affidavit incorrectly states that "A.B. remained at Mountain Valley until May 2015." It should state "A.B. remained at Mountain Valley until May 2016."

50). Throughout this time period, from 2005 to 2018, CMS never attempted to schedule a referral meeting to determine if A.B. should be evaluated for services under the IDEA. (DE 12 at 137 ¶ 51).

## II.     STANDARD OF REVIEW

Courts use a "modified de novo" standard when reviewing an administrative decision under the IDEA, where deference is given to findings of fact that were regularly made by the ALJ. *Kuszewski v. Chippewa Valley Sch.*, 131 F. Supp. 2d 926, 929 (E.D. Mich. 2001). A Court may set aside an ALJ's decision "only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both." *Id.* However, district courts should not "substitute their own notions of sound educational policy for those of the school authorities which they review." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982).

"[I]n reviewing state administrative decisions in IDEA cases, courts are required to make an independent decision based on a preponderance of the evidence, while giving due weight to state administrative proceedings." *Doyle v. Arlington County School Bd.*, 953 F.2d 100, 103 (4th Cir. 1991) (citing *Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). An ALJ's factual findings are presumed correct if "regularly made." *Id.* at 105. In the Fourth Circuit, "[w]hen determining whether a hearing officer's findings were 'regularly made,' our cases have typically focused on the process through which the findings were made." *J.P. v. County Sch. Bd*, 516 F.3d 254, 259 (4th Cir. 2008). Factual findings are "regularly made" when the hearing officer conducts "a proper hearing, allowing the parents and the School Board to present evidence and make arguments, and the hearing officer by all indications resolved the factual questions in the normal way, without flipping a coin, throwing a dart, or otherwise abdicating his responsibility to

decide the case." *Id.* "Factual findings are not regularly made if they are reached through a process that is far from the accepted norm of a fact-finding process." *Id.*

While factual findings that are regularly made are given deference, if an ALJ's determination is based on a misunderstanding of the law, misunderstanding of fact, and contains insufficient reasoning, it is entitled to little, if any, deference. *Combs v. Sch. Bd. of Rockingham Cnty.*, 15 F.3d 357, 361 (4th Cir. 1994); *Q.C-C. v. D.C.*, 164 F. Supp. 3d 35, 49 (D.D.C. 2016). No deference is accorded an IDEA administrative officer's conclusions of law as these conclusions are reviewed de novo. *E.L. ex rel. G.L. v. Chapel Hill-Carrboro Bd. of Educ.*, 975 F. Supp. 2d 528, 537 (M.D.N.C. 2013); *Fitzgerald v. Fairfax Cty. Sch. Bd.*, 556 F. Supp. 2d 543, 558–59 (E.D. Va. 2008). Credibility determinations, whether explicit or implicit in an ALJ's decision, are entitled to the same deference on appeal. *County Sch. Bd. v. Z.P.*, 399 F.3d 298, 307 (4th Cir. 2005).

## III.    DISCUSSION

Defendants' IDEA claims are not time barred because the withholding exception to the statute of limitations applies, and Defendants' counterclaim is dismissed without prejudice for failure to exhaust administrative remedies.  As such, Defendants' underlying IDEA claims are still pending before the ALJ on remand from the SHRO and are now ripe for a decision on the merits from the ALJ.

### A.    Statute of Limitations Under IDEA

#### i.    Legal Standard

"The IDEA provides funds for states to educate children with disabilities, subject to conditions imposing substantive requirements on the education that is provided." *R.F. v. Cecil Cty. Pub. Sch.*, 919 F.3d 237, 241 (4th Cir. 2019). "In return for the receipt of federal education funding, states are required by the IDEA to provide each of their disabled children with a FAPE [free appropriate public education]." *M.M. v. Sch. Dist.*, 303 F.3d 523, 526 (4th Cir. 2002). "[A] FAPE

7

comprises 'special education and related services'—both 'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 748–49 (2017) (quoting 20 U.S.C. § 1401(9), (26), (29)).

To be eligible for special education under IDEA, a child's disability must qualify under at least one (1) of the following statutory categories:

> (i) intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
> (ii) who, by reason thereof, needs special education and related services.

20 U.S.C. 1401(3)(A). Students suspected of having a disability covered by the IDEA, and that are in need of special education and related services for their qualifying disability, may be eligible under IDEA. *See E.S. v. Konociti Unified Sch. Dist*., 2010 U.S. Dist. Lexis 125503, at 13-15 (N.D. Cal. Nov. 16, 2010) (noting that schools are required to evaluate a student for specialized instruction when a district knows or has reason to know that the student may have a qualifying disability and requires special education and related services as a result).

"The mechanism by which a state provides a FAPE is an IEP [individualized education plan]—a document that describes the child's unique needs and the state's plan for meeting those needs." *R.F*., 919 F.3d at 241. "The IEP is to be formulated by an IEP Team consisting of the child's parents, one of the student's regular teachers, a special education teacher, a representative of the school board, an individual who can interpret evaluation results and, whenever appropriate, the disabled child." *A.B. v. Lawson*, 354 F.3d 315, 319 (4th Cir. 2004). An IEP must contain a statement of the child's present levels of academic achievement and functional performance, measurable annual goals designed to meet the child's unique needs, a description of how the child's

progress towards those goals will be measured, the special education and related services that will be provided to the child, and an explanation of the extent to which the child will participate with nondisabled children in the regular class. 20 U.S.C. § 1414(d)(1)(A)(i).

North Carolina has a one-year statute of limitations for filing any denial of a FAPE claim under the IDEA. N.C. GEN. STAT. § 115C-109.6(b). For an alleged violation, the petition must be filed "not more than one year before the party knew or reasonably should have known about the alleged action that forms the basis of the petition." *Id.* However, the statute of limitations "shall not apply to a parent if the parent was prevented from requesting the hearing due to (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the petition, or (ii) the local educational agency's withholding of information from the parent that was required under State or federal law to be provided to the parent." N.C. GEN. STAT. § 115C-109.6(c). The pertinent portion of the statute at issue here is the withholding exception in part two which tolls the statute of limitations when schools fail to provide required information to parents under the IDEA.

ii.  Discussion

CMS argues that the SHRO's application of the withholding exception to the IDEA's statute of limitations is improper. This Court disagrees as CMS withheld a prior written notice ("PWN") and and a copy of the procedural safeguards after J.B. requested that his daughter A.B. be evaluated under the IDEA.

The text of the IDEA details that "a parent of a child . . . . may initiate a request for an initial evaluation to determine if the child is a child with a disability." *See* 20 U.S.C. § 1414(a)(1)(B). When a parent requests an evaluation under the IDEA, at least two legal duties of the school district are triggered. First, the school district must provide "a copy of the procedural

9

safeguards" to the "parents of the child with a disability . . . upon initial referral or parent request

for evaluation." 20 U.S.C. § 1415(d)(1)(A); 34 C.F.R. § 300.504(a). Second, school districts must

provide parents with a PWN whenever the school refuses "to initiate or change the identification,

evaluation, or educational placement of the child or the provision of FAPE to the child." 34 C.F.R.

§ 300.503(a); *See R.S. v. Bd. of Dirs. of Woods Charter Sch. Co.*, No. 1:16-cv-119, 2019 U.S. Dist.

LEXIS 33760, at *46 (M.D.N.C. Mar. 4, 2019). The PWN must include "a description of the action

proposed or refused by the agency," "an explanation of why the agency proposes or refuses to take

the action," and "a statement that the parents of a child with a disability have protection under the

procedural safeguards," among other things. 20 U.S.C. § 1415(c)(1); 34 C.F.R. § 300.503(b); *see

also* N.C. GEN. STAT. § 115C-109.5.

    In *El Paso Indep. Sch. Dist. v. Richard R.*, the Western District of Texas found the

withholding exception to the statute of limitations applied because a school district failed to

provide a student's parents with a copy of the procedural safeguards and a PWN when the school

district refused to evaluate the student's eligibility under the IDEA after a request from the parents.

567 F. Supp. 2d 918 (W.D. Tex. 2008). The parent's request for an evaluation in *Richard R.* was

verbal and was memorialized in notes by the Assistant Principal: "Parent has requested possible

Sp. Ed. Testing. Please Keep copies of student work, etc. you may think is important to show (90

days)." *Id.* at 946. Following the parent's request, the school district failed to timely evaluate the

child for eligibility under the IDEA. *Id.* at 952.

    The school district in *Richard R.* unsuccessfully argued that the parent "did not in fact

request a referral, but instead raised the possibility of a referral."  *Id.* at 946.  CMS argues that

*Richard R.* differs from this case because the parent in *Richard R.* clearly and unmistakably

requested that the school district evaluate the child for eligibility under the IDEA. *Id.* at 945-46;

(DE 18 at 15-16). Unlike the explicit parental request in *Richard R.*, CMS argues that J.B. and members of A.B.'s Section 504 team never made an initial referral or request for CMS to evaluate A.B. under the IDEA. (DE 18 at 17-18). Moreover, CMS holds that the record does not support the SHRO's finding that the February 2013 email was "essentially requesting" evaluation. (DE 18 at 21). Consequently, CMS argues that it was not required to provide A.B.'s parents with a copy of the procedural safeguards or a PWN following its receipt of the February 2013 email because the email did not explicitly ask for an initial referral or request an evaluation under the IDEA. (DE 18 at 22; DE 12 at 255).

In response, Defendants argue that the SHRO correctly applied the holding in *Richard R.* because J.B. submitted a request for evaluation when he provided CMS with the February 2013 email from A.B.'s psychologist. (DE 19 at 21). Defendants cite two cases in support of this assertion. *See, e.g., Las Lunas Public Schs.*, 111 LRP 72632 (N.M. SEA, May 30, 2011) (citing 34 C.F.R. § 300.301(b) for the proposition that "magic words in writing are not necessary for a Parent's request for evaluation"); *Chichester Sch. Dist.*, 114 LRP 24895 (Penn. SEA April 30, 2014) ("While the parent did not use the magic words 'I request an evaluation' . . . it is clear that she repeatedly sought the District's help in addressing Student's special needs"). Additionally, Defendants repeatedly highlight the language of the February 2013 email, which stated: "We understand that with her specific diagnoses, [A.B.] qualifies as OHI and is eligible for an IEP – is tutoring covered by an IEP? Is there something that is covered by an IEP that can benefit her?" (DE 12 at 255).

Here, the email says that A.B. qualifies as OHI and is eligible for an IEP. Both terms are synonymous with the IDEA and employees at the school who received the letter would know this. For example, OHI stands for "other health impaired" and is one type of eligibility a disabled

11

student can have under the IDEA. *Lyons v. Smith*, 829 F. Supp. 414, 416 (D.D.C. 1993); 20 U.S.C. 1401(3)(A). Similarly, IEP stands for "individualized education plan." After determining that a student is eligible under the IDEA, the school is required to provide the student with an IEP that "describes the child's unique needs and the state's plan for meeting those needs." *R.F.*, 919 F.3d at 241; 20 U.S.C. § 1414(d)(1)(A)(i). Thus, the letter that J.B. gave to the school from A.B.'s psychologist said that, based on A.B.'s diagnoses, she qualifies as other health impaired under the IDEA and is eligible for an individualized education plan. The letter then asks what type of benefits are covered under the individualized education plan. This is, at a minimum, an evaluation request because for CMS to respond to this letter—which asks what services are available to A.B. under the IDEA—it must first determine whether A.B. is eligible.

Other courts have held that a communication which only informed the school of a child's diagnoses can trigger the school's duty to evaluate the child under the IDEA, even though the parents did not explicitly request an evaluation. *See, e.g., R.S. v. Morgan Cnty. Bd. of Educ.*, No. 3:18-CV-80, at *12 (N.D.W. Va. June 18, 2019) (finding the school district's obligation to evaluate was triggered when the parents shared information regarding their child's diagnoses, including ODD, Disruptive Behavior Disorder, and ADHD, though the parents did not explicitly request an evaluation); *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 625 (3d Cir. 2015) ("[W]here parents neither knew nor reasonably should have known of the special needs of their child or of the educational system's failure to respond appropriately to those needs, the other partner in this endeavor—the school district itself—still has its independent duty to identify those needs within a reasonable time period and work with the parents and the IEP team to expeditiously design and implement an appropriate program of remedial support."). Here, the February 2013 email did more than simply inform the school of A.B.'s diagnoses, which alone can be sufficient to trigger the

12

school's duty to evaluate the child. The email also used keywords from the IDEA and asked what type of resources were available to A.B. under the IDEA. This constitutes an evaluation request as no "magic words" are required. Accordingly, because CMS failed to provide A.B.'s parents with a copy of the procedural safeguards or a PWN following receipt of the February 2013 email, the withholding exception to the statute of limitations applies and prevents A.B.'s claims from being time barred. The Court thus confirms the SHRO's decision.

### B.    CMS' Motion to Dismiss Defendants' Counterclaim

Defendants filed an Answer to CMS' Amended Complaint that included a counterclaim requesting this Court enter an Order with an independent final legal determination that CMS violated the procedural and substantive requirements of the IDEA, thus denying A.B. a FAPE; order CMS to provide A.B. with compensatory special education and related services for the amount of time the Court determines a FAPE was denied; order CMS to reimburse A.B.'s parents for any expenses incurred as a result of CMS' failure to meet the requirements of the IDEA, including but not limited to, the costs and expenses incurred for A.B. to attend any private therapies, and the tuition and all associated costs and expenses, including transportation, incurred for A.B. to attend a treatment center in New Hampshire and a therapeutic boarding school in Utah. Of note, these are the same underlying claims that were pending on remand before the ALJ at the time CMS filed in federal court. Accordingly, no state administrator has ruled on the merits of Defendants' counterclaim as the only issue addressed was the statute of limitations.

After Defendants filed a counterclaim, CMS filed a Motion to Dismiss Defendants' Counterclaim for lack of subject-matter jurisdiction, arguing that this Court does not have federal subject-matter jurisdiction for Defendants' Counterclaim because (1) Defendants are not an aggrieved party, (2) Defendants failed to exhaust all administrative remedies, and (3) none of the exceptions to the IDEA's exhaustion requirement apply. (DE 32 at 2). Defendants argue that they

13

have exhausted all administrative remedies in light of *Johnson* because this Court cannot remand to a state agency and, in the alternative, an exception to the exhaustion requirement applies.

> i.     Aggrieved Party

Under 20 U.S.C. § 1415 (i)(2)(A), only a "party aggrieved by the findings and decision" of a state administrative agency "shall have the right to bring a civil action . . . in a district court of the United States." The Fourth Circuit has held that parties who receive favorable administrative decisions from hearing officers "are not parties aggrieved. Thus, the statute does not provide for their access to either the state or federal courts." *Robinson v. Pinderhughes*, 810 F.2d 1270, 1275 (4th Cir. 1987); *E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ*., 773 F.3d 509, 514-15 (4th Cir. 2014) ("We have consistently held that a plaintiff must exhaust her administrative remedies before bringing [an IDEA] action.").

Here, the state administrative agency remanded A.B.'s case to the ALJ after the SHRO found that the withholding exception to the statute of limitations applied. Thus, at the time CMS brought the instant civil action, the only decision of the state administrative agency was that the statute of limitations did not bar A.B.'s underlying claims. However, no decision on the merits of A.B.'s underlying claims has ever been made as CMS brought the instant suit after the SHRO's decision. As A.B. was the prevailing party before the SHRO, and the state administrative agency has not ruled on the merits of A.B.'s underlying claims, the only aggrieved party at this time is CMS as it lost on its affirmative defense. As such, A.B. is statutorily barred from bringing the counterclaim as she is not an aggrieved party. Regardless, even if A.B. was an aggrieved party, she failed to exhaust all administrative remedies before bringing the counterclaim and cannot show that an exception applies.

14

ii.    <u>Exhaustion Requirement</u>

IDEA is a federal law that requires exhaustion of administrative remedies before seeking relief in federal court. "Congress created a detailed administrative scheme for aggrieved parents to pursue in order to exhaust their remedies under IDEA before filing a federal claim." *Koster v. Frederick Cty. Bd. of Educ.*, 921 F. Supp. 1453, 1455 (D. Md. 1996). "Whether a plaintiff has properly exhausted all administrative remedies is a pure question of law." *O.V. v. Durham Pub. Sch. Bd. of Educ.*, No. 1:17-cv-691, 2018 U.S. Dist. LEXIS 96862, at *43 (M.D.N.C. June 6, 2018) (citing *E.L. ex rel. Lorsson v. Chapel-Hill Carrboro Bd. of Educ*, 773 F.3d 509, 514 (4th Cir. 2014)). The Fourth Circuit has explained that a "federal district court's jurisdiction under the IDEA is limited to review of the final 'findings and decision' of the administrative proceedings. . . . Thus, where administrative remedies have not been exhausted, parties cannot maintain an action in federal court." *M.E. ex rel. C.E. v. Buncombe Cty. Bd. of Educ.*, 72 F. App'x 940, 942 (4th Cir. 2003) (citing 20 U.S.C. § 1415(i)(2)(A)).

Here, Defendants' counterclaim—which alleges various procedural and substantive denials of FAPE under the IDEA and seeks compensatory relief—is a re-assertion of their underlying claims that were remanded to the ALJ and which have yet to be ruled on. At the state administrative agency, Defendants' initial petition was dismissed by the ALJ as barred by the statute of limitations. In dismissing the case, the ALJ did not reach the merits of Defendants' underlying claims. Defendants' appealed to the SHRO. The SHRO found that the withholding exception to the statute of limitations applied and that Defendants' claims were not barred. The SHRO did not rule on the merits of Defendants' underlying claims and instead reversed the ALJ's original decision and remanded for the ALJ to rule on the merits. Before the ALJ ruled on the merits, CMS brought the instant suit. As such, there has been no decision, let alone a final decision,

on the merits of Defendants' counterclaim. Accordingly, Defendants have failed to exhaust all administrative remedies before bringing the counterclaim in federal court.

CMS' argument, that IDEA claims are exhausted after parents go through the administrative process prior to filing in federal court regardless of whether the state administrative agency has ruled on the merits of the claims, is unavailing in light of Fourth Circuit caselaw.[2] In *Buncombe County*, an ALJ dismissed a child's IDEA claim as untimely without reaching the merits. After exhausting administrative remedies, the parents brought an action in federal court. After the federal district court affirmed the ALJ's decision, the Fourth Circuit reversed, holding that the IDEA claim was not time barred. On remand, the district court "declined to remand the matter for additional state administrative proceedings, concluding that it could address the merits of [the child's] claim." *M.E. ex rel. C.E. v. Buncombe Cty. Bd. of Educ.*, 72 F. App'x 940, 941–42 (4th Cir. 2003) (internal quotations and citations omitted). After the district court ruled on the merits, the case was again appealed. The Fourth Circuit held that because "the ALJ did not consider the merits of her claim . . . there were no administrative 'findings or decision' regarding the merits of [the child's] claim for the district court to review and the district court did not have jurisdiction under § 1415(i)(2) to consider the merits of [the] claim in the first instance." *Id.* Thus, like the ALJ in *Buncombe County*, the ALJ here has not considered the merits of A.B.'s underlying IDEA claims and, as there is no finding or decision from the state administrative agency on the IDEA claims, this Court lacks jurisdiction over Defendants' counterclaim.

---

[2] Defendants' argument that *Johnson* removes any exhaustion issues because federal district courts can no longer remand or affirm decisions of the state administrative agency and must instead issue independent legal determinations is equally unavailing. The Fourth Circuit in *Johnson* did not discuss the exhaustion requirement, and Defendants cite to no portion of *Johnson* where the Fourth Circuit eviscerated the exhaustion requirement. *Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ.*, 20 F.4th 835, 838 (4th Cir. 2021).

16

iii.     Exceptions to the Exhaustion Requirement

There are three "narrow" exceptions to the exhaustion requirement whereby a party need not exhaust its administrative remedies under the IDEA before bringing a claim in federal court. *Learning Disabilities Ass'n of Maryland, Inc. v. Bd. of Educ. of Baltimore Cty*., 837 F. Supp. 717, 722 (D. Md. 1993). These three exceptions are when "1) the administrative process would have been futile; 2) the school board failed to give [the parents] proper notification of their administrative rights; and 3) exhaustion would have worked severe harm upon the [child]." *Koster v. Frederick Cty. Bd. of Educ*., 921 F. Supp. 1453, 1455 (D. Md. 1996). The burden of proving an exception applies is on the parting seeking to avoid the mandate. *Doe v. Alfred*, 906 F. Supp. 1092, 1097 (S.D.W. Va. 1995). Here, Defendants cannot show that any exception to the exhaustion requirement applies.

a.     Futility

"The futility exception applies when the IDEA violation at issue is unresolvable through the appeals process." *Koster v. Frederick Cty. Bd. of Educ*., 921 F. Supp. 1453, 1455 (D. Md. 1996) (citing *J.G. v. Board of Educ. of Rochester Cty*., 830 F.2d 444 (2d Cir.1987); *St. Louis Dev. Disabilities Treatment Ctr. Parents Ass'n v. Mallory*, 591 F. Supp. 1416 (W.D. Mo.), *aff'd*, 767 F.2d 518 (8th Cir. 1985)). Defendants argue that they have taken all measures to secure A.B.'s rights before the state administrative agency and despite the passage of four years have yet to receive a decision on the merits. The Court is aware of the timeline of this case, but Defendants have provided insufficient evidence to show that the IDEA claims are unresolvable at the state administrative agency. The IDEA claims at issue are the exact type of claims decided every day by ALJs. The fact that the ALJ was not able to rule on the merits of the IDEA claims at issue on remand before CMS filed the instant suit has no bearing on the state administrative agency's

17

overall ability to resolve these claims. Moreover, Defendants have failed to show how the ALJ would not be able to rule on the IDEA claims once the Court issues a legal determination confirming the SHRO.

Defendants further argue that "[i]f this Court dismisses A.B. and J.B.'s claims and requires them to re-file in OAH, CMS will again argue A.B. and J.B.'s claims should be dismissed under the statute of limitations." (DE 33 at 15). This is incorrect. As Defendants' underlying IDEA claims were pending on remand before the ALJ for a decision on the merits at the time CMS filed the instant suit, an independent legal determination confirming the SHRO's decision and dismissing Defendants' counterclaim for failure to exhaust administrative remedies does not end the case at the agency level. Instead, the underlying IDEA claims remain before the ALJ and await his decision on the merits. Thus, Defendants would not be required to re-file as the underlying IDEA claims remain before the ALJ on remand after this Court confirms the SHRO's decision. As such, Defendants have failed to show that the futility exception applies.

b.    *Proper Notification of Administrative Rights*

The second exception argued by Defendants is that exhaustion is not required because CMS failed to provide them with adequate explanation of their administrative rights under the IDEA. In *Koster*, the court found that notification was proper when a school provided parents with a booklet that included "a detailed list of the student's and parents' due process rights including step by step instructions on how parents can avail themselves of the hearing appeals procedure." *Koster v. Frederick Cty. Bd. of Educ.*, 921 F. Supp. 1453, 1456 (D. Md. 1996). In particular, the pamphlet in *Koster* referenced sections of the IDEA, explained when a hearing was available, advised whom the parents need contact to arrange a hearing, and notified parents that they have a right to counsel. *Id.*

18

While Defendants are correct that CMS failed to timely provide a copy of their administrative rights (*i.e.*, procedural safeguards) as required by law when they requested that the school evaluate A.B. for eligibility under the IDEA, this is insufficient to prevail on the proper notification exception because CMS did provide notice. An affidavit of Dr. Harrill, the principal of A.B.'s school, shows that CMS provided annual notices to parents regarding the rights of students with disabilities under the IDEA. (DE 12 at 38–39). Moreover, on September 4, 2013, after a meeting with A.B.'s Section 504 team, J.B. signed a parental notice form that he had received a copy of the Parent-Student Rights and Procedural Safeguards. (*Id.* at 588). The notices direct parents to the procedural safeguards section of the Parent-Student handbook which is publicly accessible online. (*Id.* at 40–42). The procedural safeguards section references the IDEA statute, explains students' and parents' due process rights, provides an overview and outline for filing a due process petition, and notifies parents that they have a right to counsel. This is a proper notification of administrative rights under the IDEA and precludes an exception to the exhaustion requirement.

### c. Severe Harm

Exhaustion is not required when it would "work severe harm upon a litigant." *Christopher W. v. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1095 (1st Cir. 1989) (emphasis removed). "[This] is consistent with the legislative history, which warns that exhaustion is not necessary when 'an emergency situation exists (e.g., the failure to take immediate action will adversely affect a child's mental or physical health)." *Rose v. Yeaw*, 214 F.3d 206, 211 (1st Cir. 2000) (citing *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir.1994)). Some courts have also analyzed this exception as irreparable harm and note that the exception "is to be sparingly invoked." *Komninos*, 13 F.3d at 779; *Rose*, 214 F.3d at 212.

Defendants assert that A.B.'s failure to receive any remedies during the pendency of this case for CMS' alleged violations of the IDEA show severe harm. Defendants' argument is unavailing as no remedy can be provided until a party is successful on the merits of an IDEA claim. Moreover, courts that analyze this exception tend to look at whether there is severe and irreversible harm to a student's health or education, normally because the student is still enrolled at the school that is allegedly violating the IDEA. *See, e.g.*, *Rose*, 214 F.3d at 212; *Koster*, 921 F. Supp. at 1456. Here, the undisputed facts show that A.B.'s parents removed her from CMS and that A.B. currently attends online classes through a therapeutic boarding school located in Utah. Defendants have failed to provide evidence that A.B.'s health or education will be severely or irreversibly harmed as she is no longer enrolled at CMS and is receiving specialized education and care. Moreover, Defendants seek no prospective relief for irreparable or ongoing harm to A.B., only compensatory relief for past violations of a FAPE. Accordingly, Defendants cannot prevail on the severe harm exception.

## IV.  CONCLUSION

The Court finds that the withholding exception to the statute of limitations applies and Defendants' underlying IDEA claims are not time barred. As Defendants' underlying IDEA claims were remanded to the ALJ for a decision on the merits when Plaintiff filed the instant suit, an independent legal determination confirming the SHRO's decision does not end the case at the agency level. Instead, the underlying IDEA claims remain before the ALJ and await his decision on the merits.

Plaintiff's motion to dismiss Defendants' counterclaim is granted. Defendants' counterclaim is dismissed without prejudice to allow A.B.'s parents an opportunity to pursue administrative relief on the substance of the underlying IDEA claims. Defendants are welcome to

file their own complaint in federal court after the state administrative agency issues a decision on the merits, thus exhausting their administrative remedies.

**IT IS, THEREFORE, ORDERED** that:

1.  The withholding exception to the statute of limitations applies and Defendants' underlying IDEA claims are not time barred.  Such claims are now before the ALJ and await his decision on the merits.

2.  Plaintiff's Motion to Dismiss Defendants' Counterclaim, (DE 31), is **GRANTED without prejudice** for Defendants to pursue their underlying IDEA claims pending before the ALJ.

**SO ORDERED.**

The Clerk is directed to close this case.

Signed: March 31, 2022

Robert J. Conrad, Jr.
United States District Judge

21

# United States District Court
## Western District of North Carolina
## Charlotte Division

| | | |
|---|---|---|
| Charlotte-Mecklenburg County Board of Education, | ) | JUDGMENT IN CASE |
| | ) | |
| Plaintiff(s), | ) | 3:18-cv-00463-RJC-DCK |
| | ) | |
| vs. | ) | |
| | ) | |
| Aleah Brady | ) | |
| Jason Brady, | ) | |
| Defendant(s). | ) | |

 DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's March 31, 2022 Order.

March 31, 2022

_Frank G. John_

Frank G. Johns, Clerk
United States District Court

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### NO. 3:18-CV-463

| | |
|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,<br><br>        Plaintiff,<br><br>vs.<br><br>ALEAH BRADY, individually, and by and through parent or guardian, JASON BRADY, and JASON BRADY, individually,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)     **NOTICE OF APPEAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Notice is hereby given that Plaintiff, the Charlotte-Mecklenburg Board of Education, hereby appeals to the United States Court of Appeals for the Fourth Circuit, from the portion of this Court's ORDER entered March 31, 2022, concluding that the withholding exception to North Carolina's one-year statute of limitations applies to this case and that Defendants' underlying IDEA claims are not time-barred by the statute of limitations applicable to IDEA claims under North Carolina law.

Respectfully submitted, this the 28th day of April 2022.

**CAMPBELL SHATLEY, PLLC**

s/Kristopher L. Caudle
Kristopher L. Caudle
NC State Bar No. 49185

s/Christopher Z. Campbell
Christopher Z. Campbell
NC State Bar No. 23035
674 Merrimon Ave., Suite 210
Asheville, NC 28804
(828) 378.0064
(828) 398.2795 fax
kris@csedlaw.com
chris@csedlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date served this *Notice of Appeal* in the above-entitled action upon all parties to this cause via electronic service to all counsel who have consented to same via the Court's CM/ECF system:

Stacey Gahagan
Rachel Horton
Gahagan Paradis, PLLC
3326 Durham Chapel Hill Blvd.
Suite 210-C
Durham, NC  27007
sgahagan@ncgplaw.com
rhorton@ncgplaw.com

THIS the 28th day of April 2022.

s/Kristopher L. Caudle
Kristopher L. Caudle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### 3:18-CV-463

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG COUNTY SCHOOLS BOARD OF EDUCATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **NOTICE OF CROSS APPEAL** |
| Aleah Brady, individually, and by and through parent or guardian, Jason Brady, and Jason Brady, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

NOW COME Defendants and hereby give notice of their cross appeal in the above-named case, to the United States Court of Appeals for the Fourth Circuit from the Order on Plaintiff's Motion to Dismiss Defendants' Counterclaim judgment entered in this action by the Honorable District Court Judge Robert J. Conrad, Jr. on the 31st day of March, 2022.

For clarity and to the extent necessary, Defendants designate the following part of the Order for appeal:

1. The dismissal of Defendants' Counterclaim.

Respectfully submitted this 9th day of May 2022.

/s/ Stacey Gahagan
Stacey Gahagan
Gahagan Paradis, PLLC
3326 Durham Chapel Hill Boulevard,
Suite 210-C

Durham, North Carolina 27707
(919) 942-1430
sgahagan@ncgplaw.com
N.C. State Bar No. 44393

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF CROSS APPEAL** with the Clerk of Court using the CM/ECF system which will send notification of the filing to the following:

> Christopher Z. Campbell
> Kristopher L. Caudle
> M. Braxton Marcela
> 674 Merrimon Ave.
> Suite 210
> Ashville, NC 28804
> Chris@csedlaw.com
> kris@csedlaw.com
> *Attorneys for Plaintiff*

This the 9th day of May 2022.

/s/ Stacey M. Gahagan
Stacey M. Gahagan
N.C. State Bar No. 44393
3326 Durham Chapel Hill Blvd., Suite 210-C
Durham, NC 27707
Telephone: (919) 942-1430
Email: sgahagan@ncgplaw.com